FILED
JUL 25 2005
UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA

UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

In re

FRANCISCO J. ARRONA and
CYNTHIA R. ARRONA,

      Debtors.

Case No. 05-90426-A-13

Docket Control No. MET-1

Date: June 20, 2005
Time: 2:00 p.m.

**MEMORANDUM**

    The motion for relief from the automatic stay filed by American Honda Finance Corporation included a demand for attorney's fees. The vehicle lease between the movant's predecessor and the debtors includes an attorney's fee provision. While the court concluded at the hearing on June 20, 2005 that a similarly situated lessor would have filed a motion for relief from the automatic stay, insofar as attorney's fees were requested in the motion, the motion was deficient.

    First, there was no evidence with the motion regarding the time and charges necessary to prosecute the motion. Without this evidence, as well as evidence regarding the rate at which the time of counsel should be compensated, the court had no factual basis for awarding fees.

Second, the motion concerned a vehicle leased to the debtor by the movant. In other words, the movant is not a secured creditor.

In ruling on a motion for relief from the automatic stay, this court does not apply California contract law. Therefore, California law on attorneys' fees is not applicable. Rather, such a motion presents "issues peculiar to federal bankruptcy law." Fobian v. Western Farm Credit Bank (In re Fobian), 951 F.2d 1149, 1153 (9th Cir. 1991). The recovery of fees for services related to prosecuting a motion for relief from the automatic stay is a matter of federal law. Id.; Collingwood Grain, Inc. v. Coast Trading Co. (In re Coast Trading Co.), 744 F.2d 686, 693 (9th Cir. 1984).

Thus, the Bankruptcy Code must provide for the award of fees. The only provision in the Bankruptcy Code that is remotely applicable is 11 U.S.C. § 506(b). It, however, is applicable only to a secured creditor, and for it to be applicable to creditor holding a secured claim, that creditor must be over-secured. Kord Enterprises II v. California Commerce Bank (In re Kord Enterprises II), 139 F.3d 684, 689 (9th Cir. 1998); In re Fobian, 951 F.2d at 1153; Johnson v. Righetti (In re Johnson), 756 F.2d 738, 740-41 (9th Cir. 1985).

In this case, however, the movant is not the holder of a secured claim. It is a lessor. And, the court has been given no authority (even though the movant was given the opportunity to file a post-hearing brief on the issue) permitting the award of fees to a lessor who has incurred fees bringing a motion for relief from the automatic stay.

1  Therefore, a separate order denying the motion and the
2  requested fees will be entered.
3  Dated: 25 July 2005

4                                    By the Court

5
6                                    _____
                                     Michael S. McManus, Chief Judge
7                                    United States Bankruptcy Court

CERTIFICATE OF MAILING

I, Carlene Walker, in the performance of my duties as Deputy Clerk to The Honorable Michael S. McManus, mailed by ordinary U.S. mail to each of the parties a true copy of the attached document to:

Ann Marie Friend
Friend & Walton
P.O. Box 830
Modesto, CA 95353

Mary Ellmann Tang, Esq.
Attorney at Law
3700 Mount Diablo Blvd., Suite 200
Lafayette, CA 94549

Russell D. Greer
Chapter 13 Trustee
P.O. Box 3051
Modesto, CA 95353

Office of the U.S. Trustee
U.S. Courthouse
501 "I" Street, Suite 7-500
Sacramento, CA 95814

Dated: July 26, 2005

_____
Carlene Walker
Deputy Clerk to Judge McManus